IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| **ROBERT KRAMER #643733** | § |
| | § |
| **V.** | §   A-07-CA-112-LY |
| | § |
| **OFFICER HANLEY #3027** | § |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the West Texas I.S.F. Before his transfer to the West Texas I.S.F., Plaintiff was incarcerated in the Travis County Correctional Complex. Plaintiff alleges on December 15, 2006, Travis County Officer Hanley removed two flashlights from Plaintiff's pack and threw them away prior to his transfer. Plaintiff asserts he requested Hanley to allow his family pick them up. Hanley allegedly refused. According to Plaintiff, Hanley also refused Plaintiff's request to speak to a ranking officer.

Plaintiff sues Officer Hanley for violation of his due process rights. He requests the Court to order Hanley to replace his flashlights, and he seeks punitive damages in the amount of $500 plus court costs.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Loss of Property

A claim of being deprived of property by persons acting under color of state law is cognizable in § 1983 litigation under the Due Process Clause of the Fourteenth Amendment. However, where the plaintiff has an adequate post-deprivation tort remedy under state law, the deprivation is not without due process of law, and therefore such an allegation fails to state a constitutional claim. Hudson v. Palmer, 468 U.S. 517, 104 S. Ct. 3194 (1984); Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662

(1986); Al-Ra'id v. Ingle, 69 F.3d 28 (5th Cir. 1995).  Even an intentional deprivation which was made without regard to the proper procedural regulations would not violate procedural due process if the state furnished an adequate post-deprivation remedy. Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).  In Texas, the tort of conversion fulfills this requirement.  Id.

In the present case, there are no factual allegations establishing that the private tort remedies available to Plaintiff in the Texas courts are in any way inadequate to provide Plaintiff with a meaningful post-deprivation remedy for the alleged wrongful management of Plaintiff's property. For these reasons, Plaintiff's allegations regarding the loss of his personal property do not provide an arguable constitutional claim against the defendants.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE